IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BILLY JOE THOMPSON, §
 §
 Petitioner, §
 §
v. § No. 4:19-CV-463-Y
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
 Respondent. §

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Billy Joe Thompson, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice, against Lorie Davis, director of that division, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed as time-barred.

**I. Factual and Procedural History**

The state-court records reflect that Petitioner was indicted in Tarrant County, Texas, Case No. 1358558D, on six counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. (Clerk's R. 6-7, doc. 7-12.) On August 21, 2015, a jury found Petitioner guilty on all counts and assessed his punishment at 75 years' confinement for each aggravated sexual

assault offense and 20 years' confinement for each indecency offense. (Id. at 157-78.) The Second District Court of Appeals of Texas affirmed the trial court's judgments on appeal and, on July 24, 2017, the Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review. (Electronic R., doc. 7-1.) Petitioner did not seek writ of certiorari in the United States Supreme Court. (Pet. 3, doc. 1.) On July 5, 2018, Petitioner filed a post-conviction state habeas-corpus application challenging his convictions, which was denied by the Texas Court of Criminal Appeals on February 13, 2019, with written order on the findings of the trial court.[1] (SHR[2] 50, doc. 7-21; Order, doc. 7-20.) This federal habeas petition, filed on June 10, 2019, followed.[3] (Pet. 10, doc. 1.)

## II. Issues

In three grounds for relief, Petitioner alleges that he received ineffective assistance of trial counsel and that the state relied upon false DNA testimony. (Id. at 6-7.)

---

[1]A prisoner's state habeas application is deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). Petitioner's application does not provide the date he placed it in the prison mailing system, however he signed the document on July 5, 2018. (SHR 50, doc. 7-21.) Thus, for purposes of this opinion the application is deemed filed on that date.

[2]"SHR" refers to the record of Petitioner's state habeas proceeding in WR-89,397-01.

[3]Similarly, a federal habeas petition filed by a prisoner is deemed filed when the petition is placed in the prison mailing system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

### III. Statute of Limitations

Respondent alleges that the petition is untimely under the federal statute of limitations. (Resp't's Answer 7-9, doc. 8.) Title 28, United States Code, § 2244(d) imposes a one-year statute of limitations on federal petitions for writs of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

With limited exceptions not applicable here, under subsection (A), the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time

3

for seeking further direct review. For purposes of this provision, Petitioner's convictions became final upon expiration of the time that he had for filing a petition for writ of certiorari in the United States Supreme Court on October 24, 2017. *Jimenez v. Quarterman*, 565 U.S. 113, 119-20 (2009); Sup. Ct. R. 13.3. Therefore, the statute of limitations began to run the following day and closed one year later on October 24, 2018, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory-tolling provision in § 2244(d)(2) and/or as a matter of equity. Under the statutory provision, Petitioner's state habeas-corpus application operated to toll the limitations period 224 days, making his federal petition due on or before June 5, 2019. Therefore, Petitioner's petition filed on June 10, 2019, is untimely unless he is entitled to tolling as a matter of equity.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). A petitioner attempting to make a showing of actual innocence is required to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

4

eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin,* 569 U.S. at 386 (quoting *Schup v. Delo,* 513 U.S. 298, 329 (1995)).

Petitioner urges that his "procedural default" should be excused under the Supreme Court decisions in *Trevino v. Thaler,* 569 U.S. 413 (2013), and *Martinez v. Ryan,* 566 U.S. 1 (2012). This line of cases, however, does not address or excuse the untimely filing of a federal habeas petition. Rather, those cases address exceptions to a state-imposed procedural default of ineffective-assistance-of-trial-counsel claims and do not apply to the federal statute of limitations or the tolling of that period. *See Arthur v. Thomas,* 739 F.3d 611, 628-31 (11th Cir.), *cert. denied,* 574 U.S. 821 (2014); *Huckaby v. Davis,* No. 4:16-CV-896-A, 2017 WL 6622551, at *4 (N.D. Tex. Dec. 27, 2017); *Adams v. Stephens,* No. 4:14-CV-395-O, 2015 WL 5459646, at *4 (N.D. Tex. June 9, 2014).

Nor does Petitioner make a colorable showing of actual innocence. Although post-conviction DNA testing based on updated science standards refutes the state's expert testimony that Petitioner, the victim, and the victim's mother could not be excluded as contributors to DNA found on a vibrator allegedly used during the sexual assault, the testimony of a child sexual-abuse victim alone is sufficient to support a conviction for aggravated sexual assault or indecency with a child. (SHR 85-86, doc. 7-21.)

5

*See* Tex. Code Crim. Proc. Ann. art. 38.07(a)-(b) (West Supp. 2017). At trial, not only did the child testify, but her testimony was corroborated by her outcry to her mother and statements to the SANE nurse. (Reporter's R., vol. 3, 108-09, 180-81, doc. 7-7.)

Because there is no evidence whatsoever in the record that Petitioner was prevented in some extraordinary way from asserting his rights in state or federal court and because he presents no new evidence to meet the actual-innocence exception, he is not entitled to tolling as a matter of equity.

Accordingly, Petitioner's federal petition was due on or before June 5, 2019. His petition filed on June 10, 2019, is therefore untimely.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DISMISSED as time-barred.

Further, Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. The certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). "Under this standard, when a district court denies habeas relief by rejecting constitutional claims on their merits, 'the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.'" *McGowen v. Thaler,* 675 F.3d 482, 498 (5th Cir. 2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). When the district court denies the petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (quoting *Slack,* 529 U.S. at 484). This inquiry involves two components, but a court may deny a certificate of appealability by resolving the procedural question only. Petitioner has not made a showing that reasonable jurists would question this Court's procedural ruling. Therefore, a certificate of appealability should not issue.

SIGNED January 27, 2020.

　　　　　　　　　　　　　　　　_/s/ Terry R. Means_
　　　　　　　　　　　　　　　　TERRY R. MEANS
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE